UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NUMBER _____

_____

Laura Harrah,

       Plaintiff,

v.

National Account Services, Inc.,

       Defendant.

**COMPLAINT**

**JURY TRIAL DEMANDED**

_____

1. Plaintiff Laura Harrah ("Consumer") brings this action to address violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, by National Account Services, Inc. ("Debt Collector").

## JURISDICTION, VENUE, AND PARTIES

2. This United States District Court has jurisdiction over all FDCPA claims and federal questions. 15 U.S.C. § 1692k(d); 28 U.S.C. § 1331.

3. Venue is proper because a substantial part of the events giving rise to this claim occurred in Minnesota. 28 U.S.C. § 1391(b)(2).

4. Consumer is a natural person who is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Debt Collector is a Minnesota corporation with a registered address of 1246

University Avenue West #421, St. Paul, MN 55104. Debt Collector's principal business and purpose is the collection of debts, making it a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTS

6. Debt Collector filed suit against Consumer in Hennepin County Conciliation Court alleging a $777.72 debt (the "First Debt") on October 25, 2012. File No. 27-CO-12-8044; *see Complaint attached as* **EXHIBIT A**.

7. Debt Collector filed a second lawsuit alleging a second $776.22 debt (the "Second Debt") against Consumer in Hennepin County Conciliation Court on December 10, 2012. File No. 27-CO-12-9182; *see second Complaint attached as* **EXHIBIT B**.

8. Other than a $1.50 difference in interest, the two suits allege the same original creditor, principal balance, account number, and dates as the basis for the First Debt and the Second Debt.

9. Because of the confusion regarding the two suits, Consumer believed the single date of hearing was March 7, 2013 as appeared on the second suit, and missed the January 16, 2013 court date for the first suit.

10. Debt Collector obtained a default judgment on the First Debt at the January 16 hearing. *See Order for Judgment attached as* **EXHIBIT C**.

11. Debt Collector continues to allege the Second Debt in the ongoing second

lawsuit, which is identical in every way to the First Debt and lawsuit save the small difference in interest.

## FDCPA REQUIREMENTS

12. "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section . . . The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A).

13. "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section . . . The use of any false representation or deceptive means to collect or attempt to collect any debt . . . ." 15 U.S.C. § 1692e(10).

## COUNT I: VIOLATION OF 15 U.S.C. § 1692e

14. Consumer incorporates all other allegations as if set forth herein in full.

15. The First Debt and the Second Debt are the same, though Debt Collector alleges the Second Debt as if Consumer owes it in addition to the First Debt.

16. Debt Collector misled Consumer in violation of the general prohibition of deceptive and mislead representations of 15 U.S.C. § 1692e by filing two

lawsuits for the same debt in quick succession.

17. Debt Collector's violation reasonably led Consumer to miss the hearing in the first suit, depriving her of a defense and leading to the default judgment against her.

18. The First Debt is now a matter of public record and may appear on Consumer's credit report as a judgment.

19. As a result of Debt Collector's violation, Consumer is now facing a second lawsuit and the possibility of a second judgment for the same debt.

20. Debt Collector's ongoing violations are forcing Consumer to incur additional legal fees and court costs to defend against the Second Debt.

21. Consumer has spent money out-of-pocket, and has missed significant amounts of work, trying to resolve Debt Collector's violations.

22. Debt Collector's violations have caused Consumer to suffer emotional distress, confusion, frustration, anxiety, fear, and helplessness.

23. Consumer is entitled to actual damages in the amount to be determined at trial, statutory damages of $1,000.00, the costs of this action, and reasonable attorney's fees from Debt Collector in an amount to be determined by the Court.  15 U.S.C. § 1692k.

24. Consumer reserves her right to move for punitive damages.

## COUNT II: VIOLATION OF 15 U.S.C. § 1692e(2)(A)

25. Consumer incorporates all other allegations as if set forth herein in full.

26. Debt Collector violates 15 U.S.C. § 1692e(2)(A) by falsely representing the amount owed by Consumer in its second lawsuit.

27. As a result of Debt Collector's violation, Consumer is now facing a second lawsuit and the possibility of a second judgment for the same debt.

28. Consumer is entitled to actual damages in the amount to be determined at trial, statutory damages of $1,000.00, the costs of this action, and reasonable attorney's fees from Debt Collector in an amount to be determined by the Court.  15 U.S.C. § 1692k.

## COUNT III: VIOLATION OF 15 U.S.C. § 1692e(10)

29. Consumer incorporates all other allegations as if set forth herein in full.

30. Debt Collector violated 15 U.S.C. § 1692e(10) by using deceptive means in its attempt to collect a debt from Consumer.

31. Debt Collector's violation reasonably led Consumer to miss the hearing in the first suit, depriving her of a defense and leading to the default judgment against her.

32. Consumer is entitled to actual damages in the amount to be determined at trial, statutory damages of $1,000.00, the costs of this action, and reasonable attorney's fees from Debt Collector in an amount to be determined by the

Court.  15 U.S.C. § 1692k.

## JURY TRIAL

33. Consumer demands a jury per U.S. Const. Amend. 7 and Fed. R. Civ. P. 38.

## PRAYER FOR RELIEF

WHEREFORE, Consumer requests an Order for the following relief:

1. Judgment in favor of Consumer and against Debt Collector for actual damages in an amount to be determined at trial, $1,000.00 in statutory damages, the costs of this action, and reasonable attorney's fees.

2. All other relief which the Court deems just and equitable.

Dated: 2/22/13       /s/ *Bennett Hartz*
Jonathan L. R. Drewes (#387327)
Bennett Hartz (#393136)
DREWES LAW, PLLC
1516 West Lake Street, Ste 300
Minneapolis, MN 55408
T (612) 285-3064
F (612) 285-3062
bennett@dreweslaw.com
*Attorneys for Consumer*